**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000753
20-MAR-2012
08:22 AM**

NO. CAAP-11-0000753

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JANIS COWSER, Plaintiff-Appellant, v.
PEPEEKEO KAUHALE OLU COMPLEX, et al., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-328)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Plaintiff-Appellant Janis Cowser's (Appellant Cowser) appeal from the Honorable Glen S. Hara's September 16, 2011 "Order Denying Ex Parte Relief Requested in Letter from Plaintiff Janis Cowser Filed on September 8, 2011" (the

September 16, 2011 interlocutory order), because the September 16, 2011 interlocutory order is not independently appealable, and the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The circuit court has not yet entered a separate judgment in this case. Therefore, the September 16, 2011 interlocutory order is not eligible for appellate review.

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848), the collateral order doctrine, and HRS § 641-1(b), the September 16, 2011 interlocutory order does not satisfy the requirements for appealability under any of these.

Accordingly, IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000753 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, March 20, 2012.

Presiding Judge

Associate Judge

Associate Judge